# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JEROME ANDREW BURNETT,

    *Plaintiff,*

  v.

ANTHONY BROWN, *et al.*,

    *Defendants.*

Case No. 26-cv-857-ABA
Case No. 26-cv-2227-ABA

## MEMORANDUM OPINION AND ORDER

Self-represented Plaintiff Jerome Andrew Burnett filed this case on February 27, 2026 against Anthony Brown, is his official capacity as Attorney General of Maryland; The Honorable Marc Rasinsky, in his official capacity as Associate Judge in the District Court for Carroll County, Maryland; and The Honorable Gary Bass, in his official capacity as Associate Judge for the District Court for Baltimore City, Maryland. Case No. 26-cv-857-ABA, ECF No. 1. Mr. Burnett's 107-page complaint[1] requests "Injunction Relief for Anthony Brown" to terminate two citations he received: 000000FM08088 at the District Court for Baltimore City and 000000DV78009 at the District Court of Maryland #10-02 for Carroll County. *Id.* 2–3. Mr. Burnett's primary claim appears to be a discrimination claim pursuant to Title II of the Americans with Disabilities Act. *Id.* at 4. Mr. Burnett also cites about thirty other laws but does not connect them to any of his claims. *Id.* at 4–8. Mr. Burnett also filed a 66-page nearly duplicative complaint[2] with

---

[1] This Court has construed Mr. Burnett's original complaint and three supplements jointly as an amended complaint. *See* Case No. 26-cv-857-ABA, ECF Nos. 1, 4, 5, & 6.

[2] This Court has construed Mr. Burnett's original complaint and supplement jointly as an amended complaint. *See* Case No. 26-cv-2227-ABA, ECF Nos. 1 & 4.

this Court. Case No. 26-cv-2227-ABA, ECF Nos. 1 & 4.[3] Mr. Burnett's motions for leave

to proceed *in forma pauperis* (Case No. 26-cv-857-ABA, ECF No. 2 & Case No. 26-cv-

2227-ABA, ECF No. 2) will be granted. But his complaints will be dismissed for failure

to state a claim.

## I.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the

claim showing the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[e]ach

allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). Furthermore,

"[e]ven *pro se* litigants [must] state their claims in a[n] understandable and efficient

manner"; "a district court 'is not obliged to ferret through a [c]omplaint, searching for

viable claims.'" *Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 702 (D. Md. 2017)

(quoting *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) and *Wynn-Bey v. Talley*,

Case No. 12-cv-3121-RWT, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012)).

The Court is mindful of its obligation to liberally construe the pleadings of self-

represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal

construction does not mean that this Court can ignore a clear failure to allege facts that

set forth a plausible claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir.

1990). "[F]rivolous complaints are subject to dismissal pursuant to the inherent

authority of the court, even when the filing fee has been paid." *Chong Su Yi v. Soc. Sec.

Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014). In this case, Mr. Burnett has not paid the

fee and has instead moved for *in forma pauperis* status. In such a situation, "the court

---

[3] Since the complaints are duplicative, this Court will only refer to facts in the first
complaint (Case No. 26-cv-857-ABA).

shall dismiss the case" if it determines that, among other things, the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

## II.   DISCUSSION

Even construing the pleadings in the complaint liberally, the complaint fails to allege a plausible basis for any cause of action. A "complaint must make defendant-specific allegations" that are "particular enough to allow one to infer what each defendant did and knew." *Rice v. Adams*, 172 F.4th 428, 432 (4th Cir. 2026). "While group pleading can be permissible in certain circumstances, it must be 'plausible that each defendant was involved in all of the facts as alleged.'" *McPherson v. Balt. Police Dep't*, 494 F. Supp. 3d 269, 280 (D. Md. 2020) (citing *Spring Nextel Corp. v. Simple Cell, Inc.*, Case No. 13-cv-617-CCB, 2013 WL 3376933, at *2 (D. Md. July 17, 2013)).

Here, Mr. Burnett only names three defendants, none of whom are directly tied to any of the claims or factual assertions he makes. Mr. Burnett claims that, in 2009, he was stopped unlawfully by State Trooper Paul Hefferman and as a result was incarcerated at the Baltimore City Detention Center and contracted staphylococcus aureus. Case No. 26-cv-857-ABA ECF No. 1 at 9–11. Mr. Burnett also claims that in a separate instance in 2005, he was unlawfully stopped by State Trooper M. Jackson, who pulled Mr. Burnett over despite it being "physically impossible" for Mr. Burnett's vehicle to go the speed that State Trooper Jackson claimed. *Id.* at 13. Mr. Burnett further asserts that State Trooper Jackson made himself a "dictator and/or pseudo King" by disregarding Mr. Burnett's civil rights. *Id.* at 12, 15. Notably, State Trooper Hefferman, State Trooper Jackson, and the Baltimore City Detention Center are not listed as Defendants in Mr. Burnett's lawsuit.

Further, Mr. Burnett's claims against Judges Rasinsky and Bass are barred by judicial immunity. Judicial immunity provides judges complete immunity except for two circumstances: nonjudicial actions and official actions taken with a lack of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). Since Mr. Burnett has not alleged facts that would indicate that either of these circumstances would apply, both judges named in the suit are entitled to immunity.

For these reasons, the claims in Case No. 26-cv-857-ABA against Anthony Brown, Judge Rasinsky, and Judge Bass will be dismissed. Mr. Burnett's other complaint (*Burnett v. Brown*, Case No. 26-cv-02227-ABA, ECF Nos. 1 & 4) will also be dismissed because it is duplicative and thus also frivolous under 28 U.S.C. § 1915(e)(2).

## III.   CONCLUSION AND ORDER

For the reasons stated above, the Court hereby ORDERS as follows:

1. Plaintiff's complaints (Case No. 26-cv-857-ABA, ECF No. 1; Case No. 26-cv-02227-ABA, ECF Nos. 1 & 4) are DISMISSED without prejudice;

2. Plaintiff's motions to proceed *in forma pauperis* (Case No. 26-cv-857-ABA, ECF No. 2; Case No. 26-cv-02227-ABA, ECF No. 2) are GRANTED;

3. Plaintiff's motion for a Permanent Injunction (Case No. 26-cv-02227-ABA, ECF No. 5) is DENIED AS MOOT; and

4. The Clerk is directed to mark the cases as CLOSED.

Date: July 21, 2026

_____*/s/*_____
Adam B. Abelson
United States District Judge

4